IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| JOHN M. LOESCHEN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 7:18-cv-00429 |
| | ) | |
| MARCIE R. SHROM, *et al.*, | ) | By: Elizabeth K. Dillon |
| | ) | United States District Judge |
| Defendants. | ) | |

**MEMORANDUM OPINION**

Plaintiff John M. Loeschen filed his amended complaint in this court on September 6, 2018, against defendants Marcie Shrom, MedVPro, LLC, and Michael Rubin, requesting damages for breach of an employment contract or, in the alternative, appointment of a special master to perform an accounting of MedVPro's assets. (Am. Compl., Dkt. No. 6.) Loeschen served defendants by summons issued September 14, 2018. On October 19, 2018, defendants filed a motion for extension of time to file an answer to Loeschen's amended complaint. Shortly thereafter, counsel for defendants filed a motion to withdraw as defendants' attorney, which the court granted on November 2, 2018. Defendants have not answered Loeschen's complaint or otherwise participated in this case since their attorney withdrew. Accordingly, the clerk entered default against all defendants on April 25, 2019. Pending before the court is Loeschen's motion for default judgment. (Mot., Dkt. No. 22.) For the reasons set forth herein, Loeschen's motion will be granted in part and denied in part.

I.  BACKGROUND[1]

On October 17, 2014, Loeschen executed an employment agreement and signing-bonus agreement with MedVPro, LLC.  Marcie Shrom signed the agreements in her capacity as member, owner, and CEO of MedVPro.  Shrom represented to Loeschen that MedVPro was a multi-billion-dollar entity, was worth "trillions" of dollars, and was an existing and viable company formed in Pennsylvania.  Pursuant to the contract, Loeschen was to serve as general counsel for MedVPro, and MedVPro would pay Loeschen a signing bonus of $100,000 and an annual salary of $1.2 million.  The contract automatically renewed unless terminated by the parties.

Loeschen alleges that he performed services for MedVPro pursuant to the terms of the employment contract until it became apparent that MedVPro did not exist and that Shrom misrepresented the extent of her financial resources.  Despite his work, defendants never paid Loeschen.  Accordingly, Loeschen terminated the contract by notice on November 11, 2017.  Loeschen asserts that Shrom has not provided him with organizing documents for MedVPro and that he has been unable to identify any state in which MedVPro was ever registered as an LLC.

In his complaint, Loeschen requests damages of $3,700,000, consisting of $100,000 for his signing bonus and $3,600,000 in unpaid salary for the three years he provided work for defendants.  Loeschen further requests court costs, attorney's fees, expenses, and interest.

As noted above, none of the defendants have participated in this case since their counsel—who has since withdrawn—filed a motion for an extension of time to answer

---

[1] As noted below, the clerk entered default against all defendants on April 25, 2019.  Upon default, the plaintiff's factual allegations are accepted as true for all purposes except determining damages.  *See Ryan v. Homecomings Fin. Network*, 253 F.3d 778, 780 (4th Cir. 2001).  Accordingly, the following facts from Loeschen's complaint are accepted as true for the purpose of Loeschen's motion for default judgment.

Loeschen's amended complaint.  Thus, the clerk entered default against defendants on April 25, 2019, and Loeschen filed a motion for default judgment.  The court held a hearing by video conference on May 8, 2020, pursuant to Federal Rule of Civil Procedure 55(b)(2).  Although notice was provided to defendants,[2] they did not appear at the hearing.

At the hearing, Loeschen asserted that if he is entitled to judgment on count I for breach of contract, the court should dismiss count II, which requests appointment of a special master and an accounting of MedVPro's assets, as moot.  He further conceded that he has failed to state a claim against Michael Rubin or MedVPro.  There is no indication that Rubin was bound by the employment contract, and Loeschen agrees that he cannot hold a non-existent entity liable for breach of contract.  Instead, the court requested and received supplemental briefing with regard to Shrom's potential liability on the employment contract.  Based on Loeschen's representation at the hearing, the court will deny Loeschen's motion as to count II of Loeschen's complaint and Loeschen's claims against Ruben and MedVPro.  The court addresses the remaining claim against Shrom below.

## II.  DISCUSSION

**A.  Default Judgment**

"Rule 55 of the Federal Rules of Civil Procedure authorizes the entry of a default judgment when a defendant fails 'to plead or otherwise defend' in accordance with the Rules." *United States v. Moradi*, 673 F.2d 725, 727 (4th Cir. 1982); Fed. R. Civ. P. 55.  "The clerk of court's interlocutory 'entry of default' pursuant to Federal Rule of Civil Procedure 55(a)

---

[2] In *Technology Advancement Grp., Inc. v. IvySkin, LLC*, No. 2:13cv89, 2014 WL 3501060, at *4–5 (E.D. Va. 2014), the court found that the notice requirement of Rule 55(b)(2) was satisfied where the plaintiff included a certificate of service with its motion for default and the clerk's office sent a notice of hearing to the address on file with the court.  *See also United States v. $23,000 in U.S. Currency*, 356 F.3d 157, 164 (1st Cir. 2004) (finding that service of the movant's motion for default was sufficient notice); *Ackra Direct Mktg. Corp. v. Fingerhut Corp.*, 86 F.3d 852, 856 (8th Cir. 1996) (same).

3

provides notice to the defaulting party prior to the entry of default judgment by the court." *Tweedy v. RCAM Title Loans, LLC*, 611 F. Supp. 2d 603, 605 (W.D. Va. 2009). Upon the clerk's entry of default, the non-defaulting party may move for default judgment pursuant to Rule 55(b). "If the plaintiff's claim is for a sum certain or a sum that can be made certain by computation, the clerk—on the plaintiff's request, with an affidavit showing the amount due—must enter judgment for that amount and costs against a defendant who has been defaulted for not appearing and who is neither a minor nor an incompetent person." Fed. R. Civ. P. 55(b)(1). "In all other cases, the party must apply to the court for a default judgment." Fed. R. Civ. P. 55(b)(2); *see also Agri-Supply Co. v. Agrisupply.com*, 457 F. Supp. 2d 660, 662 (E.D. Va. 2006) ("In circumstances where . . . the sum is not certain or where there is evidence to suggest that the defendant was incompetent or an infant, Rule 55(b)(2) applies, requiring that default can only be made by a court."). While the Federal Rules of Civil Procedure encourage disposition of claims on their merits, it is within the trial court's discretion to enter default judgment. *Moradi*, 673 F.2d at 727 (citing *Reizakis v. Loy*, 490 F.2d 1132, 1135 (4th Cir. 1974)).

In determining whether to grant default judgment, the court treats the well-pleaded factual allegations in the complaint as true and established. *Ryan v. Homecomings Fin. Network*, 253 F.3d 778, 780 (4th Cir. 2001). However, the court need not accept as true conclusions of law, *id.*, or allegations relating to the amount of damages, Fed. R. Civ. P. 8(b)(6). *See also Tweedy*, 611 F. Supp. 2d at 605; 10A Charles A. Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice & Procedure* § 2688 (3d ed. Supp. 2010) (recognizing that the court must "consider whether the unchallenged facts constitute a legitimate cause of action, since a party in default does not admit mere conclusions of law"). The appropriate inquiry for the court is whether "the face of the pleadings supports the default judgment and the causes of action

4

therein." *Anderson v. Found. for Advancement, Educ. & Emp't of Am. Indians*, 187 F.3d 628, 1999 WL 598860, at *1 (4th Cir. 1999) (unpublished table opinion).

When reviewing whether default judgment is appropriate, this court has previously considered the following factors:

> (1) whether there is a large amount of money involved in the litigation; (2) whether there are material issues of fact in the case needing resolution; (3) whether the case involves issues of great public importance; (4) whether the grounds for the motion for a default judgment are highly technical; (5) whether the party asking for a default judgment has been prejudiced by the non-moving party's actions or omissions; (6) whether the actions or omissions giving rise to the motion for a default judgment are the result of a good-faith mistake on the part of the non-moving party; (7) whether the actions or omissions giving rise to the motion for a default judgment are the result of excusable neglect on the part of the non-moving party; and (8) whether the grounds offered for the entry of a default judgment are clearly established.

*Tweedy*, 611 F. Supp. 2d at 606 (quoting *Faulknier v. Heritage Fin. Corp.*, No. 87-0006-C, 1991 U.S. Dist. LEXIS 15748 (W.D. Va. May 20, 1991)).

## B. Loeschen's Complaint Supports Default Judgment Against Shrom

Reviewing the factors above, the court finds that default judgment is appropriate here. The court acknowledges that Loeschen requests a large award of over $3.7 million. But this case is of little, if any, public importance, leading the court to find that adjudication on the merits is not a particularly significant factor here. Likewise, Loeschen asserts a straightforward breach-of-contract claim that is not highly technical. Shrom's initial appearance through counsel in this case indicates that she received notice of Loeschen's complaint, and the court has no reason to believe that her subsequent default is the result of a good-faith mistake or excusable neglect on her behalf. Rather, it indicates that Shrom is aware of the proceedings in this court and has nonetheless decided not to challenge Loeschen's claims. The court is also satisfied that there are

5

no material issues of fact after considering Loeschen's complaint and the evidence presented at the May 8 hearing.[3]

Additionally, Loeschen has established the grounds for the default judgment. In Pennsylvania,[4] "[i]t is well-established that three elements are necessary to plead a cause of action for breach of contract: (1) the existence of a contract, including its essential terms, (2) a breach of the contract; and, (3) resultant damages." *Meyer, Darragh, Buckler, Bebenek & Eck, P.L.L.C. v. Law Firm of Malone Middleman, P.C.*, 137 A.3d 1247, 1258 (Pa. 2016). Contract damages are intended "to compensate the injured party for loss suffered due to the breach. The purpose of damages is to put the plaintiff in the position he or she would have been in but for the breach." *Empire Props., Inc. v. Equireal, Inc.*, 674 A.2d 297, 304 (Pa. Super. Ct. 1996). "Where one party to a contract without any legal justification, breaches the contract, the other party is entitled to recover, unless the contract provided otherwise, whatever damages he suffered, provided (1) they were such as would naturally and ordinarily result from the breach, or (2) they were reasonably foreseeable and within the contemplation of the parties at the time they made the contract, and (3) they can be proved with reasonable certainty." *Helpin v. Trustees of Univ. of Pa.*, 10 A.3d 267, 270 (Pa. 2010).

Loeschen attached to his complaint a copy of the fully executed employment contract signed by Loeschen and by Shrom on behalf of MedVPro, in which MedVPro promises to pay Loeschen a salary of $1.2 million each year. He also attached a copy of an executed contract for a signing bonus in the amount of $100,000. In his complaint, Loeschen alleged that he engaged

---

[3] As discussed below, the court questions whether Shrom could have asserted affirmative defenses based on the facts of this case; however, it is not the court's role to assert affirmative defenses on behalf of a defendant.

[4] The employment contract at issue expressly states that "[t]his Agreement has been concluded in, and shall be governed by the laws of the Commonwealth of Pennsylvania." (Dkt. No. 1-1, at 13.) Loeschen agrees that Pennsylvania law governs his claim for breach of contract.

6

in work for MedVPro under the terms of the parties' contract for over three years but was not paid for that work or paid his signing bonus. Loeschen's wages and bonuses are damages that would naturally result from a breach of an employment contract and were reasonably foreseeable based on the term and automatic renewal of the parties' agreement. Accordingly, Loeschen has established his claim for breach of contract with damages in the amount of $3,700,000.[5] The question remains, however, whether Shrom may be liable for this breach.

Pennsylvania follows the "general rule that a promoter, although he may assume to act on behalf of a projected corporation and not for himself, will be held personally liable on contracts made by him for the benefit of a corporation he intends to organize." *RKO-Stanley Warner Theatres, Inc. v. Graziano*, 355 A.2d 830, 832 (Pa. 1976); *see also In re Rothman*, 204 B.R. 143, 150 (Bankr. E.D. Pa. 1996) ("A promoter is a person who assumes to act on behalf of a proposed corporation which is not yet incorporated."). "The imposition of personal liability upon a promoter where that promoter has contracted on behalf of a corporation is based upon the principle that one who assumes to act for a nonexistent principal is himself personally liable on the contract in the absence of an agreement to the contrary." *RKO-Stanley Warner Theatres*, 533 A.2d at 833 ("[T]here is an inference that a person intends to make a present contract with an existing person. If, therefore, the other party knows that there is no principal capable of entering into such a contract, there is a rebuttable inference that, although the contract is nominally in the name of the nonexistent person, the parties intend that the person signing as agent should be a party, unless there is some indication to the contrary." (quoting Restatement (Second) of Agency

---

[5] In Loeschen's brief in support of his motion for default judgment, he requests an additional $82,191.78 for the twenty-five days of his salary earned between October 14, 2017, and November 11, 2017. However, "[w]hen a complaint demands a specific amount of damages, courts have generally held that a default judgment cannot award additional damages." *In re Genesys Data Tech., Inc.*, 204 F.3d 124, 132 (4th Cir. 2000). Because Loeschen did not request that amount in his complaint, the court will limit his recovery to $3,700,000.

§ 326); *see In re Rothman*, 204 B.R. at 151 ("Corporations necessarily act through agents and if one acting is to escape personal liability for what he intends to be a corporate obligation, the limitation of his responsibility should be made to appear on the face of the instrument. Otherwise, 'the individual signature of a promoter imports personal liability.'" (quoting *Watters v. DeMilio*, 134 A.2d 671, 674 (Pa. 1957))).

Although Loeschen does not specifically allege that Shrom acted as a promoter, the court finds that his complaint states sufficient facts to hold Shrom liable as a promoter in her individual capacity.[6] The complaint alleges that at the time she executed the agreements, Shrom held herself out as a member, CEO, and sole organizer of MedVPro, LLC, and made pre-incorporation promises and representations on behalf of MedVPro. The fact that Shrom represented that she was the sole organizer of MedVPro is especially telling because it shows that she took an active role in organizing MedVPro before it came into being, including during her interactions with Loeschen. It makes no difference that MedVPro was never formed. *See Hudson v. West*, 42 A. 190, 191 (Pa. 1899) (recognizing that the defendants' "want of success in the formation of the company is no concern of the plaintiff, and it is no defense in this action"). The court therefore finds that Shrom is liable for breach of Loeschen's employment contract and signing bonus agreement as a promoter of MedVPro.

To be sure, it appears several affirmative defenses might have defeated or reduced the success of Loeschen's claim. Notably, Loeschen's decision to continue working for MedVPro for more than three years without ever receiving any pay casts substantial doubt on whether he

---

[6] Although much of Pennsylvania's case law discusses corporate promoter liability, the Third Circuit has indicated that promoter liability exists for non-corporate entities as well. *See Knop v. McMahan*, 872 F.2d 1132, 1142 (3d Cir. 1989) ("This rationale has been applied to allow a corporation to enforce rights under a contract entered into by a pre-incorporation promoter. We believe it applies equally to limited partnerships." (citations omitted)); *see also Missett v. Hub Intern. Pa. LLC*, 6 A.3d 530 (Pa. 2010) (applying case law involving corporations to a case involving an LLC).

mitigated his damages resulting from Shrom's breach. *See, e.g.*, *Bafile v. Borough of Muncy*, 588 A.2d 462, 464 (Pa. 1991) ("As a general proposition of contract law, a party who suffers a loss due to a breach of contract has a duty to make a reasonable effort to mitigate his losses."). Additionally, at the hearing on this motion, Loeschen stated that he continued his law practice during his employment with MedVPro, despite language in the employment contract prohibiting him from "engaging in any other business or as a consultant to any other business entity or to other individuals during the term of this Agreement," except in limited circumstances. (Dkt. No. 1-1 at 3.) Thus, it is unclear whether Loeschen breached the contract by continuing his law practice or to what extent such a breach would have affected the amount of damages the court could award. But Shrom had the opportunity to defend against Loeschen's claims. It is not the court's responsibility to assert affirmative defenses on behalf of a defaulting defendant. *See Eriline Co. S.A. v. Johnson*, 440 F.3d 648, 654–55 (4th Cir. 2006) (acknowledging that a district court should not raise affirmative defenses *sua sponte* unless they "implicate important institutional interests of the court"); *see also Falaiye v. CCA Acad. Res., LLC*, No. PX 16-2887, 2017 WL 4098740, at *4 (D. Md. Sept. 14, 2017) ("[T]he Court cannot *sua sponte* mount the affirmative defense for CCA.").

## III. CONCLUSION

For the reasons set forth above, the court will grant in part and deny in part Loeschen's motion for default judgment. Specifically, the court will grant the motion with respect to Loeschen's claim for breach of contract against Marcie Shrom and award damages in the amount

of $3,700,000. The remainder of Loeschen's motion will be denied. A separate order will be entered.

      Entered: July 23, 2020.

*/s/ Elizabeth K. Dillon*

      Elizabeth K. Dillon
      United States District Judge